WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Lew Blackwater,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-01533-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Nicholas Blackwater's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice because the one year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") has expired. (Doc. 12 at 13.) The R&R further recommended that a Certificate of Appealability be denied. (*Id.*)

  **I.**  **REVIEW OF AN R&R**

After receiving an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made"). In this case, Petitioner filed Objections to the R&R and the Court will review Petitioner's Objections de novo. (Doc. 13.)

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2005, a Maricopa County Grand Jury indicted Petitioner on 14 felony Counts. (Doc. 7-1 at 1-8.) The facts underlying Petitioner's indictment are as follows: on multiple occasions, Petitioner picked up women in his car, took them to a remote location and raped them, in some instances threatening them with a knife. (*Id.* at 21-24.) These events occurred on June 16, 1997, August 28 or 29, 1997, June 22, 1999, and October 26, 2001. (*Id.*) On July 30, 2000, another woman claimed that Petitioner raped her; however, officers had no means of contacting the victim after the initial police report. (Doc. 12 at 4.)

On February 22, 2006, Petitioner entered a plea agreement. (Doc. 7-1 at 11-16.) He pleaded guilty to: Counts 4, 9, and 14 as charged, sexual assault, class 2 felonies; Count 5 as charged, kidnapping, a class 2 felony; Count 3 as charged, sexual abuse, a class 5 felony; and Count 6 as amended, attempted sexual assault, a class 3 felony. (*Id.*) In exchange, the State agreed to dismiss Counts 1, 2, 7, 8, 10, 11, 12, and 13; the allegations of dangerousness, and not to file charges from the offense on July 30, 2000. (*Id.*) On March 23, 2006, Petitioner was sentenced to an aggravated term of 14 years of imprisonment on Count 4; to an aggravated term of 12.5 years of imprisonment on Count 5, to be served consecutively to Count 4; to an aggravated term of 14 years of imprisonment on Count 9, to be served consecutively to Count 5; to an aggravated term of 14 years of imprisonment on Count 14, to be served consecutively to Count 9. (Doc. 7-1 at 40-46.) Petitioner was also placed on lifetime probation for Counts 3 and 6, to commence upon discharge from prison for each separate offense in Counts 4, 5, 9, and 14 (*Id.*)

On March 23, 2006, Petitioner was sentenced and signed a notice of rights. (Doc.

7-1 at 47-49.)  The notice of rights explained that by entering into a plea agreement, Petitioner waived his right to appeal, and a notice of post-conviction relief must be filed "within 90 days of the entry of judgment," otherwise he "may never have another opportunity to have any errors made in [his] case corrected by another court." (*Id.*) Petitioner claims he is unhappy with his sentence, it was not part of his plea agreement, and he is entitled to post-conviction relief. (Doc. 1 at 6-9.)  Petitioner also claims that he asked his attorney to file a notice of post-conviction relief, which his attorney failed to do. (Doc. 13 at 1-3.)

On April 6, 2007, 379 days after Petitioner was sentenced, Petitioner filed a notice of post-conviction relief, which was dismissed by the state court as untimely. (Doc. 7-1 at 50-54.)  On both August 20, 2008, and February 20, 2009, Petitioner filed a request for status of defendant's post-conviction relief. (Doc. 7-1 at 57-61.)  Petitioner was provided with a copy of a minute entry denying his petition for post-conviction relief as untimely. (Doc. 7-1 at 62-63.)  On November 16, 2010, Petitioner filed a second petition for post-conviction relief, which was also dismissed by the state court as untimely. (Doc. 7-1 at 64-75.)  On March 6, 2012, Petitioner filed a third petition for post-conviction relief, which the state court dismissed as untimely as well. (Doc. 7-1 at 86-114.)

After all of his petitions for post-conviction relief were denied by the state court, Petitioner filed his Petition for Writ of Habeas Corpus in this Court on July 8, 2014. (Doc. 1.)

### III.   GOVERNING LAW AND RECOMMENDATION

As stated above, the Magistrate Judge issued an R&R recommending that the Petition be denied and dismissed with prejudice. (Doc. 12.)  As explained by the Magistrate Judge, a state prisoner has one year from the time a sentence becomes final to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).  Under Arizona Rule of Criminal Procedure 32 ("Rule 32"), a petition for post-conviction relief is a form of direct review for defendants who entered guilty pleas. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).  A conviction becomes final under Rule 32 once an

"of-right" proceeding is completed; or the time to file a petition for post-conviction relief expires. *Id.* The Magistrate Judge found that Petitioner did not file a petition for post-conviction relief within the ninety day deadline set by Rule 32. (Doc. 12 at 13.) Therefore, Petitioner's AEDPA statute of limitations began to run when that ninety day period expired. (*Id.*)

The Magistrate Judge explained that the statute of limitations is generally tolled after an individual properly files a notice of post-conviction relief. (Doc. 12 at 10.) The time during which a case is pending[1] is not counted against the petitioner's federal habeas statute of limitations, and the petitioner is entitled to statutory tolling. *See Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). When a petition for post-conviction relief is not filed within the state court's time limit, that petition is not considered to be properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). If a petition is not properly filed, that petitioner is not entitled to statutory tolling. *Id*.

Under Rule 32, once post-conviction relief is concluded, the statute of limitations under the AEDPA begins to run. *Summers*, 481 F.3d at 710. For example, if two petitions for post-conviction relief are denied, the time between those two petitions for post-conviction relief does not toll the statute of limitations since no petition is "pending." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2004). Additionally, the Magistrate Judge noted that filing a new petition for post-conviction relief does not hit a reset button on a statute of limitations that has already run before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Alternatively, if a petitioner is able to show that: (1) he or she has been pursuing his or her rights diligently; and, (2) that some extraordinary circumstances prevented the petitioner from timely filing, he or she may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Pace*, 544 U.S. at 418). The Ninth Circuit Court of Appeals has held that an extraordinary circumstance must be beyond the

---

[1] A petition is pending after it is properly filed in state court, but before that court grants or denies the petition. *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004).

Petitioner's control and make it impossible for the Petitioner to file a petition for post-conviction relief on time. *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

The Magistrate Judge concludes that Petitioner's Petition is untimely. (Doc. 12 at 11.) The ninety day time limit to file for post-conviction relief ran in state court on June 21, 2006 and the AEDPA statute of limitations began to run the next day. (*Id.*) According to the Magistrate Judge, the statute of limitations expired one year later, on June 21, 2007. (*Id.*) Petitioner filed his Petition in this Court on July 8, 2014. (*Id.*) Thus, unless Petitioner is able to show that the statute of limitations should have been tolled, his Petition is more than seven years late. (*Id.*)

The Magistrate Judge found that Petitioner is not entitled to statutory or equitable tolling. (*Id.*) The Magistrate Judge found that the untimely notice of post-conviction relief was not properly filed and that it did not prompt statutory tolling to the statute of limitations. (*Id.* at 12.) Additionally, the Magistrate Judge found that Petitioner has not given any valid reason for the untimeliness of his Petition, and that he is not entitled to any equitable tolling. (*Id.* at 13.) The Magistrate Judge concluded that the Petition was filed seven years after the one year statute of limitations period expired. (*Id.* at 11.)

### IV. PETITIONER'S OBJECTIONS

Petitioner argues that the State obstructed his right to post-conviction relief by denying him counsel and violating his Sixth Amendment rights. (Doc. 13 at 1-2.) He claims that due to this obstruction, he is entitled to equitable tolling. (*Id.* at 2.) Petitioner further claims that he did not waive his appellate rights. (*Id.* at 3-4.) He claims that because he was denied counsel, he could not have waived his right to appeal. (*Id.*) Lastly, Petitioner claims that his sentence was "28.5 years above the statutory maximum." (*Id.* at 4.)

In addition to the plea agreement, Petitioner signed a notice of rights of review. (Doc. 7-1 at 48.) This notice explained that by signing a plea agreement, he waived his right to appeal, and could only pursue his rights through post-conviction relief. (*Id.*) The

notice of rights of review explained in bold letters that Defendant had ninety days from his sentencing to petition for post-conviction relief. (*Id.*)  Petitioner signed the document on March 23, 2006. (*Id.*)

The Court will review all of Petitioner's Objections to the R&R de novo.

### A.  STATE OBSTRUCTION

Petitioner claims that he requested his counsel file a notice of post-conviction relief immediately after his sentence, but counsel did not do so. (Doc. 13 at 2.)  After waiting one year and not hearing a response, Petitioner filed a notice of post-conviction relief himself on April 6, 2007. (Doc. 7-1 at 50-54.)  Petitioner claims that he acted diligently, and his notice of post-conviction relief is not untimely due to the impediment created by the State; specifically that his counsel did not file his notice of post-conviction relief. (Doc. 13 at 3.)  Petitioner claims that his state court remedies were not exhausted until recently and thus, the statute of limitations had not passed. (*Id.*)  Alternatively, Petitioner claims he is entitled to tolling due to his counsel's failure to file a notice of post-conviction relief. (*Id.* at 2.)

Petitioner's attorney was not acting on behalf of the State; thus, his attorney is not a state impediment to Petitioner's ability to file a notice of post-conviction relief. Petitioner's Sixth Amendment rights to counsel were not violated.  Petitioner was provided counsel who assisted him in obtaining a plea bargain.  Generally, a prisoner does not have a Constitutional right to counsel on collateral review. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).  Petitioner did not have a right to have his trial counsel file his petition for post-conviction relief; thus, Petitioner's Sixth Amendment rights were not violated when Petitioner's trial counsel neglected to file a notice of post-conviction relief.[2]

Petitioner cites to a Ninth Circuit Court of Appeals case in which a petition for writ of habeas corpus by an individual who claimed ineffective assistance of counsel was

---

[2] For purposes of this Order, the Court has accepted Petitioner's claim that he asked his trial counsel to file his notice of post-conviction relief as true.

- 6 -

reviewed on the merits. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005). In *Sandoval-Lopez*, the petitioner did not file an untimely petition for writ of habeas corpus, which is why his petition was considered on the merits. *Id.* at 1197. In this case, however, Petitioner's Petition was filed over one year after his conviction became final in state court and is barred by the statute of limitations.

In his Objections, Petitioner argues that he is entitled to equitable tolling because he has proved that he: (1) has pursued his rights diligently; and, (2) that an extraordinary circumstance stood in his way and prevented him from timely filing. *See Holland*, 560 U.S. at 645; (Doc. 13 at 3.) Regardless of whether Petitioner was pursuing his rights diligently, there is no evidence of an extraordinary circumstance beyond Petitioner's control preventing him from filing his Petition earlier. Although Petitioner claims that counsel was asked to file a petition for post-conviction relief and did not, Petitioner has shown nothing that prevented him from filing his petition for post-conviction relief sooner himself. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations for his federal habeas Petition.

Even if this Court granted Petitioner equitable tolling and the statute of limitations had not begun to run on the ninetieth day after his sentencing, his Petition for Writ of Habeas Corpus in this Court was still filed late. In other words, if this Court gave Petitioner the benefit of his late notice of post-conviction relief, that notice was denied on April 24, 2007. (Doc. 7-1 at 56.) Thus, on April 24, 2007, Petitioner's statute of limitations to file his Petition for Writ of Habeas Corpus began to run. In that circumstance, the statute of limitations expired on April 24, 2008. Petitioner's Petition was not filed in this Court until July 18, 2014, making it untimely.

### B. RIGHT TO APPEAL

Petitioner claims that he never waived his right to appeal in state court. (Doc. 13 at 3.) In signing his plea agreement, Petitioner explicitly waived his right to appeal. (Doc. 7-1 at 11-16.) Petitioner had a right to trial, but he chose to enter into a plea agreement and waived his right to appeal in the process. (*Id.* at 48.) Petitioner cannot revoke the

waiver to which he had agreed. *United States v. Michelson*, 141 F.3d 867, 872 (8th Cir. 1998). In order to preserve the value of the waiver in a plea agreement, that waiver must be upheld. *Id.* at 873. If a defendant could retract his or her waiver, a plea agreement would become an empty promise. *Id.* After waiving his right to appeal, Petitioner's only remedy was to file a notice of post-conviction relief within ninety days of his sentencing, which Petitioner failed to do.

### C. SENTENCING

Petitioner claims that his sentence was illegal, and that he was sentenced to twenty eight and a half years beyond the maximum sentence allowed. (Doc. 13 at 3.) Petitioner would have had to raise that issue at the time of sentencing or in his notice of post-conviction relief. Petitioner's sentence length does not change the fact that his Petition for Writ of Habeas Corpus must be filed within the one year statute of limitations set forth by the AEDPA. Once Petitioner's ninety days to file a notice for post-conviction relief had passed, on June 21, 2006, Petitioner's conviction was final and Petitioner had one year to Petition for Writ of Habeas Corpus. Therefore, the Court will not reach the merits of this Claim.

### V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation, (Doc. 12), is accepted and adopted and Petitioner's Objections, (Doc. 13), are overruled. Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is denied and dismissed with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Court denies issuance of a Certificate of Appealability because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable.

Dated this 21st day of July, 2015.

James A. Teilborg
Senior United States District Judge